# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1557

_____

Patrick Robertson,

        Appellant,

v.

Charlotte Sumner,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: March 7, 2007
Filed: March 12, 2007

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas state prisoner Patrick Robertson appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Charlotte Sumner, the records coordinator for the Arkansas Department of Correction (ADC). He seeks leave to proceed in forma pauperis (IFP) on appeal. We grant Robertson leave to appeal IFP, and we affirm, but on different grounds than those relied on by the district

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

court. *See United States v. Siwek*, 453 F.3d 1079, 1084 (8th Cir. 2006) (this court may affirm district court's judgment on any basis supported by record).[2]

Robertson's claim for damages stemming from the alleged miscalculation of his parole-eligibility date is *Heck*-barred, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (claim for damages that necessarily implies invalidity of conviction or sentence is not cognizable under § 1983 until conviction or sentence has been invalidated), and any challenge to his parole-eligibility date must be asserted in a habeas action, *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (challenge to fact or duration of confinement must be through habeas corpus).

Accordingly, we affirm.

_____

_____

[2]Given the Supreme Court's decision in *Jones v. Bock*, 127 S.Ct. 910, 921-23 (2007), we decline to affirm on the failure-to-exhaust grounds relied on by the district court.